IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES PACK, 165622,<br>    Petitioner, | )<br>)<br>) |
| v. | )   2:12-cv-1321<br>) |
| ALLEGHENY COUNTY DISTRICT<br>COURT #05-2-23, et al.,<br>    Respondents. | )<br>)<br>)<br>) |

MEMORANDUM and ORDER

Mitchell, M.J.:

    James Pack, an inmate at the Allegheny County Jail has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis. For the reasons set forth below, the petition will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

    Pack is presently a pre-trial detainee at the Allegheny County Jail following his failure to post bond on charges of robbery, conspiracy, simple assault, terroristic threats and theft by unlawful taking at MJ-05223-CR-226-2012.[1] The criminal complaint in this matter was filed on July 9, 2012 and the petitioner's commitment occurred on July 10, 2012. No further action has occurred.

    It is provided in 28 U.S.C. §2254(b) that:

> An application for a writ of habeas corpus in behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted unless it appears
> that the applicant has exhausted the remedies available in the courts of the State,
> or that there is either an absence of available State corrective process or the
> existence of circumstances rendering such process ineffective to protect the rights
> of the prisoner.

    This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations

---

[1] The factual recitation of the background to this petition are gleaned from the public record available on the Pennsylvania Unified Judicial System website, http://usportal.pacourt.us., at Magisterial District Courts type OTN at number G567004-4.

1

must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In the instant case, petitioner alleges he is entitled to relief as a result of due process violations and concedes that he has not sought any relief in the Pennsylvania courts.[2] It is readily apparent that there are remedies available to the petitioner in the Court of Common Pleas which he has not endeavored to invoke and for this reason, his petition here is premature.[3] Accordingly, the petition of James Pack for a writ of habeas corpus will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

An appropriate Order will be entered.

---

[2] See: Petition at ¶12.
[3] 42 Pa.C.S.A. §932 provides in part: Except as otherwise prescribed … each court of common pleas shall have exclusive jurisdiction of appeals from final orders of the minor judiciary…

2

ORDER

AND NOW, this 16th day of October 2012, for the reasons set forth in the foregoing Memorandum, the petition of James Pack for a writ of habeas corpus is DISMISSED, and because reasonable jurists could not conclude that there is a basis for appeal, a certificate of appealability is DENIED.

                                        s/ Robert C. Mitchell
                                        United States Magistrate Judge